MERCADO, PLAINTIFF AND APPELLEE, *v.* ROSADO, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in an Action of Ejectment.

No. 2511.—Decided March 17, 1922.

EJECTMENT—MESNE PROFITS—PLEADING.—An action for fruits and profits begun by a sole heir after the death of the ancestor and claiming therein the fruits in her own name covering a period in the lifetime of the ancestor, will lie, as all the rights and actions of the ancestor descend or pass over to the heir.

ID.—ID.—ID.—The count sufficiently described the fruits and profits when it alleged that the defendants had appropriated all of the products of a coconut and fruit grove for three years, valued at $150.

ID.—ID.—ID.—It being alleged that the complainant and her husband had bought the property in question and that her husband had died intestate and without heirs, it sufficiently appeared that the complainant was the owner of all the property and no specification of the share she held in her own name was necessary, nor how much she inherited.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action for revendication and for fruits and profits wherein the District Court of Mayagüez, on appeal from the Municipal Court of Añasco, rendered judgment in favor of the complainant for the land and $150 by way of fruits and profits.

A count for fruits and profits, begun by a sole heir after the death of the ancestor and claiming therein the fruits in her own name and covering a period in the life-time of the ancestor, will lie, as all the rights and actions of the ancestor descend or pass over to the heir. Likewise, the count sufficiently described the fruits and profits when it said that the defendants had appropriated all the products of a coconut and fruit grove for three years. If the defendants needed a bill of particulars the way was open. The demurrer to the second count was properly overruled. So was the demurrer to the first count. The complaint set up that the complainant and her husband had bought the property in question; that her husband had died intestate and without succession, and that she was hence the sole heir. It sufficiently appeared that the complainant was the owner of all the property. No specification of the share she held in her own name was necessary. Nor how much she inherited.

The brief contains no assignment of errors. In other words, the formal statement of all the errors before discuss-

ing them one by one. This statement is required by Rules 42 and 43 of this court.

The third point raised relates to the action of the court in striking out a part of the answer. As in discussing this error the appellant did not summarize the matter stricken, we find it unnecessary to consider the same. The defendant has shown neither prejudice nor error.

The rest of the errors related to the admission of evidence or the weighing of it. One of these errors was that a document was admitted, despite the fact that the vendor and witnesses, or some of them, denied their signatures or marks. The sale was sufficiently proved *aliunde* and the instrumental witnesses were only produced because there was apparently some necessity or imagined necessity for it in order to introduce other evidence.

The judgment was therefore justified by the proof and hence the other alleged errors need no special consideration.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.